# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ALLUCIUS CROSBY                                                                                    PLAINTIFF

V.                                                                            CIVIL ACTION NO.: 4:07CV119-P-B

LAWRENCE KELLY, ET AL.                                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), was scheduled in this case for May 13, 2008, to determine if there exists a justiciable basis for Plaintiff's claims filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

In this case, the Complaint alleges that while assigned as a trustee and worker at Unit 32 at the Mississippi State Penitentiary ("MSP") Plaintiff, a member of the "Gangsters" gang was warned by members of a rival gang, the "Vice Lords," not to serve any meals on tiers 2 and 4 of Unit 32-A. Plaintiff testified that he immediately told all unit administrators, including a Captain Moore and Officers Jane Lomax, Rachel Rameirez and an Officer Shaw, that he could not go onto tiers 2 and 4 for any reason. Plaintiff testified that while working on August 25, 2006, he was assigned to serve all inmates in Unit 32-B

zone and a co-worker was supposed to serve all trays in Unit 32-A zone. Plaintiff said once he had served all B zone trays, he went to assist his co-worker with serving trays on tiers 1 and 3 of Unit 32-A. Plaintiff states Officer Dzandra Johnson was in the tower and opened the control gate for him to enter Unit 32-A. Plaintiff said that while in an "authorized" area, he was stabbed repeatedly with a shank by Edward Earl Howze, a member of the "Vice Lords." Plaintiff alleges that Officer Johnson deliberately opened a gate to tier 2 in order to aid Howze in the assault.

Plaintiff said following the stabbing, he was taken to the facility hospital. He said Dr. Kim merely looked at his wounds and had him returned to his unit bloody and without any treatment. Plaintiff said for four days he was in constant pain and couldn't walk due to blood loss.

Plaintiff has named Lawrence Kelly, Dzandra Johnson, Rachel Rameirez, Jane Lomax and Edward Howze for deliberate indifference to his safety needs. Plaintiff has also named Dr. Kim for deliberate indifference to his medical needs.

As an initial matter, Plaintiff's claim against inmate Edward Howze is not cognizable under § 1983 because Howze was not a state actor. Next, in order to state a claim for monetary damages under § 1983, the plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Because Plaintiff has failed to allege facts sufficient to show that

Lawrence Kelly, Rachel Rameirez and Jane Lomax were personally involved in the alleged constitutional violations, they should be dismissed from this lawsuit.

Notwithstanding the foregoing, Plaintiff's Eighth Amendment claims against Officer Johnson and Dr. Kim should be allowed to proceed. Therefore, it is my recommendation that Plaintiff's claims against Edward Howze, Lawrence Kelly, Rachel Rameirez and Jane Lomax only be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 19th day of May, 2008.

                                               **/s/ Eugene M. Bogen**
                                               **UNITED STATES MAGISTRATE JUDGE**